STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 016842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
Fax (702) 382-5178
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
*Attorneys for Defendant*
*Steven Wolfson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILE BOUARI.<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SIGAL CHATTAH, GOVERNOR GAVIN NEWSOM, VP KAMALA HARRIS, J.B. PRITZKER, ZOHRAN MAMDANI, KATIE PORTER, JASMINE CROCKETT, AARON FORD, JOE LOMBARDO, KEVIN MCMAHILL, REGGIE RADAR, JEREMY SCHWARTZ, STEVEN WOLFSON, CITY OF HENDERSON, ALICIA ALBITRON JOHNATHAN COOPER, NICHOLAS VASKOV, JOHN CORY, ELIZABETH ANDERLIK, DENNIS LAY, STEPHANIE GARCIA,<br><br>　　　　　Defendants. | Case No:　2:25-cv-01567-RFB-MDC<br><br>**DEFENDANT STEVEN WOLFSON'S MOTION TO STRIKE PLAINTIFF'S FILING IN ECF NO. 23** |

　　　　COMES NOW, Defendant Steven Wolfson, by and through counsel of record, Deputy District Attorney Olivia C. Denue, pursuant to Local Rule ("LR") 15-1, Fed. R. Civ. P. ("FRCP") 15(a) and the attached memorandum of points and authorities and hereby moves this Court to strike the filing of ECF No. 23 by Plaintiff Emile Bouari in this matter.

### POINTS AND AUTHORITIES

　**I.**　　**INTRODUCTION**

　　　　Plaintiff's filing in ECF No. 23, construed as a second amended complaint, is unsanctioned by a party or this court. This court should strike Plaintiff's filing in its entirety.

1  Plaintiff has filed a "3rd addendum to first amended complaint" and once again requests a jury trial. ECF No. 23. Plaintiff has already filed a first amended complaint and request for jury trial. ECF No. 11. Plaintiff purportedly brings the latest filing to "expose more corruption[.]" ECF No. 23, P.1, ¶ 18. Plaintiff has attached numerous documents to the filing and states that another "4th addendum which will contain over 200 documents of evidence regarding the financial transgressions of this MAGA criminal enterprise" is forthcoming. ECF No. 23, P. 3, ¶¶ 1-2.

Because Plaintiff is attempting to file a second amended complaint in ECF No. 23 without consent of defendants or leave of this court, and because Plaintiff's filing has created confusion for the parties regarding the operative complaint in this matter, Wolfson moves this honorable court to strike Plaintiff's filing in ECF No. 23.

## II.   LEGAL ARGUMENT

### A. Plaintiff's filing is not sanctioned and should be struck.

Under FRCP 15(a)(1), a party may amend its pleading once as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15(a)(2). "On occasion, a party's failure to comply with the requirements of Rule 15(a) will prompt courts to strike amended pleadings—or to ignore them outright." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 517 (N.D. Cal. 2004). Generally, "if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." Mary Kay Kane and Howard M. Erichson, 6 *Fed. Prac. & Proc. Civ*. § 1484 (3d ed.).[1]

Under LR 15-1, "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." The amended pleading being

---

[1] Although "[s]ome courts have held . . . that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change," none of these courts appear to be within the Ninth Circuit's jurisdiction. *See* Mary Kay Kane and Howard M. Erichson, 6 *Fed. Prac. & Proc. Civ*. § 1484 (3d ed.) (collecting cases to support the quoted proposition).

proposed "must be complete in and of itself without reference to the superseded pleading" and requires leave of this court. LR 15-1.

Here, Plaintiff has already filed a first amended complaint. *See* ECF No. 11. Defendant Wolfson construes Plaintiff's filing in ECF No. 23 as a second amended complaint. Plaintiff did not obtain defendant's written consent or this court's leave to do so, as required under LR 15-1 and FRCP 15(a)(2). Though FRCP 15(a)(2) states that the "court should freely give leave when justice so requires," leave was simply not sought by Plaintiff here at all. Accordingly, Plaintiff's filing in ECF No. 23 is without legal effect and should not be considered by this court. Therefore, this court should strike the pleading.

### III.   CONCLUSION

Because Plaintiff has improperly filed a second amended complaint, Wolfson respectfully requests that this court strike Plaintiff's filing in ECF No. 23.

DATED this 20th day of January, 2026.

            STEVEN B. WOLFSON
            DISTRICT ATTORNEY

           By: */s/ Olivia C. Denue*
            OLIVIA C. DENUE
            Deputy District Attorney
            State Bar No. 016842
            500 South Grand Central Pkwy.
            Las Vegas, Nevada  89155-2215
            Attorney for Defendant
             Steven Wolfson

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Clark County District Attorney and that on this 20th day of January, 2026, I served a true and correct copy of the foregoing **Defendant Steven Wolfson's Motion to Strike Plaintiff's Filing in ECF No. 23** through CM/ECF Electronic Filing system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

>Emile Bouari
>2547 Wolverton Avenue
>Henderson, NV 89074
>*Plaintiff in Pro Se*

>/s/ Matilda Sanchez
>An Employee of the Clark County District
>Attorney's Office – Civil Division