1  **Brian G. Anderson**
   Nevada Bar No. 10500
2  Assistant City Attorney
   City of Henderson
3  240 Water Street, MSC 144
   Henderson, NV  89015
4  (702) 267-1200
   brian.anderson@cityofhenderson.com
5  *Attorney for Defendant Nicholas Vaskov*

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMILE BOUARI | Case No.: 2:25-cv-01567-RFB-MDC |
| Plaintiff, | |
| vs. | **DEFENDANT NICHOLAS VAKSOV'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| SIGAL CHATTAH; GOVERNOR GAVIN NEWSOM; VP KAMALA HARRIS; J.B. PRITZKER; ZOHRAN MAMDANI; KATIE PORTER; JASMINE CROCKETT; AARON FORD; JOE LOMBARDO; KEVIN MCMAHILL REGGIE RADAR; JEREMY SCHWARTZ; STEVEL WOLFSON; CITY OF HENDERSON; ALICIA ALBITRON; JOHNATHAN COOPER; NICHOLAS VASKOV; JOHN CORY; ELIZABETH ANDERLIK; DENNIS LAY; STEPHANIE GARCIA; | |
| Defendants. | |

   Defendant Nicholas Vaskov ("Vaskov"), by and through his undersigned counsel of record, Assistant City Attorney Brian Anderson, hereby files his motion to dismiss Plaintiff Emile Bouari's First Amended Complaint. (ECF Nos. 11, 15).

/ / /

/ / /

/ / /

This motion is made pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and is based upon the attached memorandum of points and authorities, the papers and pleadings on file, and any oral argument directed by the Court.

Dated this 26th day of January 2026.

CITY OF HENDERSON

    /s/   Brian Anderson
Brian Anderson
Assistant City Attorney
CITY OF HENDERSON
240 Water Street, MSC 144
Henderson, Nevada 89015
*Attorney for Defendant Nicholas Vaskov*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC"), with or without the multiple fugitive addenda filed in this case, is legally deficient under several provisions of the Federal Rules of Civil Procedure (as well as the local rules of practice). Plaintiff's FAC was filed without leave of court in violation of Rule 15 and fails to include numbered paragraphs in violation of Rule 10. More importantly, the FAC violates Rules 8(a) and 12(b) as it fails to include a short and plain statement showing Plaintiff is entitled to relief or the grounds for the Court's jurisdiction.

Plaintiff's FAC alleges a vast MAGA political and criminal conspiracy involving dozens of public officials, private individuals, nonprofits, a "swingers circle," several people named Heather, and cover-ups by unidentified state and federal law enforcement officers, prosecutors and the judiciary. The alleged sprawling conspiracy is incoherent and unintelligible but appears to involve money laundering for purposes of manipulating elections. The FAC is vague, meandering, and internally disjointed to the point that it falls short of meeting even the most lenient pleading standards provided to pro se litigants. The FAC fails to differentiate among defendants, specify which "causes of action" apply to which party, or otherwise place defendants on notice of any claims alleged against them.

Although the FAC purports to allege five causes of action, it does not plausibly allege the elements of any cognizable claim for relief against any defendant. Defendant Vaskov is identified as a member of a "third group" of defendants - people who are allegedly "actively involved" in this conspiracy. However, the FAC contains no factual allegations describing his alleged conduct, role, acts, or omissions. Because Plaintiff has alleged no set of facts that give rise to a plausible claim for relief against Defendant Vaskov, the Court should dismiss the FAC.

## II.     PROCEDURAL BACKGROUND

The Court's docket in this case indicates Plaintiff has filed: an initial complaint on August 21, 2025 (ECF No. 2), a two-part "addendum" to the complaint on September 15, 2025 (ECF Nos. 8, 8-1), a "second addendum" on September 30, 2025 (ECF No. 9), a "third addendum" on October 8, 2025 (ECF No. 10), a first amended complaint on November 17, 2025 (ECF No. 11), an addendum to the amended complaint on December 8, 2025 (ECF No. 14), a refiled/reorganized "first amended complaint" on December 8, 2025 (ECF No. 15); and a third addendum to the amended complaint on January 5, 2026 (ECF No. 23).

The papers served on Defendant Vaskov were not file-stamped. Although all fugitive documents in the Court's docket should be stricken, this Motion is directed at the FAC filed as both ECF No. 11 and ECF No. 15.

## III.     FACTUAL BACKGROUND

The FAC alleges Plaintiff is seeking to "expose a MAGA criminal enterprise" and identifies Defendant Vaskov as a member of a "third group" of defendants, "consist[ing] of certain persons actively involved in this conspiracy." ECF No. 11, 13. After identifying the three groups of defendants, the FAC proceeds with several pages of single-spaced narrative ostensibly related to the alleged conspiracy but with no relation to Defendant Vaskov. *See id.* Finally, Plaintiff purports to bring five causes of action: (1) alleged failure to receive medical attention related to his arrest in Miami; (2) disruption with Plaintiff's consulting business by the "MAGA criminal enterprise;" (3) illegal hacking of devices by police; (4) violation of Plaintiff's freedom of speech and association against unidentified judges and police; and (5)

1  "piracy on the highways" by thousands of gang stalkers unleashed by unidentified law
2  enforcement personnel. ECF No. 11, p. 6; ECF No. 15, p. 5.
3      Finally, the FAC states that "Bouari has filed 3 addenda on this complaint attaching
4  around 400 exhibits and pages of evidence regarding this criminal conspiracy." ECF No. 11,
5  p. 6. The hundreds of "exhibits and pages of evidence" (which should be stricken as fugitive
6  filings) only magnify the disjointed and incomprehensible nature of Plaintiff's case.

## IV.    LEGAL ARGUMENT

### A. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim meets that standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.") Although the allegations of a pro se complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a pro se complaint must still "give fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jones v. Comty. Redev. Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief sought. Rule 8(d) further requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P.

8.[1] Rule 10(b) further requires numbered paragraphs, each limited "as far as practicable to a single set of circumstances," and separate counts for separate claims. Fed. R. Civ. P. 10. The purpose of Rule 8 is to provide a defendant with fair notice of the claims alleged and the grounds on which those claims rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "dismissal for a violation of Rule 8(a)(2), is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025) (citations omitted).[2]

B. THE FAC IS SUBJECT TO DISMISSAL UNDER RULE 8(a).

The FAC fundamentally fails to meet basic pleading requirements. It is verbose, confused, does not show entitlement to any relief, and does not provide Defendant Vaskov with fair notice of the claims alleged against him. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint under Rule 8 because it was "argumentative, prolix, replete with redundancy, and largely irrelevant.")

Plaintiff's rambling narrative is divorced from the FAC's causes of action such that any substance is entirely concealed. The FAC does not contain numbered paragraphs, its narrative is neither short nor plain, and it fails to allege the grounds for this Court's jurisdiction. Critically, the FAC contains no factual allegations describing Defendant Vaskov's alleged conduct, role, acts, or omissions. Thus, the Court should dismiss the FAC.

C. THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The FAC contains no factual allegations describing conduct by Mr. Vaskov. Generally, merely naming a defendant in a purported conspiracy, without factual

---

[1] *See, e.g., Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (affirming dismissal of pro se pleading that "neither identifies any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction.")

[2] "A pleading that is needlessly long, or ... highly repetitious, or confused, or consists of incomprehensible rambling" violates Rule 8(a)." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (cleaned up); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (dismissal under Rule 8 was not an abuse of discretion where the complaint was "verbose, confusing and conclusory"); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint under Rule 8 because it was "argumentative, prolix, replete with redundancy, and largely irrelevant.")

enhancement, is insufficient. *See, e.g., Twombly*, 550 U.S. at 556 (a bare assertion of conspiracy will not suffice.)

More specifically, the FAC's five causes of action—Miami arrest/medical care; interference with business; hacking electronic devices; freedom of speech/association; and piracy on the highways—do not plausibly implicate any conduct that can be attributed to Defendant Vaskov. The FAC's narrative/allegations do not include any specific allegation of wrongdoing by any defendant, or identifiable group of defendants. The causes of action are not facially plausible and are insufficient to establish the essential elements of any cognizable legal theory. Accordingly, Plaintiff's FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to state any claim upon which relief may be granted.

### D. Plaintiff's Numerous Filings Are Improper and Should be Stricken

District courts have inherent power to control their own dockets, including the power "to determine what appears in the court's records." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010). Further, a party "may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause," and the court may "strike supplemental filings made without leave of the court." LR 7-2(g).

Plaintiff's initial complaint was filed August 21, 2025. (ECF No. 2). Plaintiff filed separate addenda to the Complaint on September 15, 2025, September 30, 2025, and October 8, 2025. (ECF Nos. 8, 9, 10). Plaintiff filed a first amended complaint on November 17, 2025 and an addendum on December 8, 2025. (ECF Nos. 11 & 14). Plaintiff filed another first amended complaint on December 8, 2025 and a third addendum on January 5, 2026. (ECF No. 15 & 23). Again, the FAC served on Defendant Vaskov was not file-stamped; nevertheless, it notes that "Bouari has filed 3 addenda on this complaint attaching around 400 exhibits and pages of evidence regarding this criminal conspiracy." (ECF No. 11, p. 7/ECF No. 15, p. 6).

Plaintiff's numerous fugitive filings and hundreds of "exhibits and pages of evidence" are improper and compound the significant amount of irrelevant information contained in the Court's docket. Neither the Court nor defendants should be required sift through these filings,

particularly when they violate litigation rules that all parties are expected to follow. Accordingly, the Court should strike Plaintiff's fugitive filings and addenda.

E. <u>ANY AMENDED PLEADING SHOULD BE SUBJECT TO PLEADING REQUIREMENTS.</u>

In the event the Court permits amendment, to the extent that the deficiencies in Plaintiff's pleading can be cured, any additional amended pleading should be subject to the minimal pleading requirements:

(1) Comply with Rules 8 and 10; use double-spaced, numbered paragraphs; and set out each claim in a separate count identifying the specific defendant(s) against whom it is asserted. *See also* LR 10-1(1)(a);

(2) Provide a short and plain statement of: a) subject-matter jurisdiction (Rule 8(a)(1)); b) the factual allegations showing entitlement to relief (Rule 8(a)(2)); and c) the relief sought (from each defendant) (Rule 8(a)(3));

(3) Clearly identify the acts and omissions of each Defendant relevant to each claim and state what specific injury he suffered because of (each of) the Defendant(s);

(4) Omit argument, commentary, and extraneous exhibits. Exhibits, if any, must be limited and tied to specific allegations in the pleading; and

(5) Plaintiff should be instructed that he cannot file new addenda or pleadings, or add new parties or claims, without prior leave of Court.

## V. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's FAC should be dismissed as it has failed under Rules 8 and 12 to place Defendant Vaskov on notice of any plausible claim alleged against him. Accordingly, the Court should dismiss Plaintiff's FAC.

Dated this 26th day of January 2026.

CITY OF HENDERSON

  /s/   Brian Anderson
Brian Anderson
Assistant City Attorney
240 Water Street, MSC 144
Henderson, Nevada 89015
*Attorney for Defendant Vaskov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January 2026, I served the above and foregoing **DEFENDANT NICHOLAS VAKSOV'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** by electronic service through the U.S. District Court's website (CM/ECF) and by placing a true and correct copy in the U.S. mail, addressed as follows:

Emile Bouari
2547 Wolverton Ave,
Henderson, NV 89074
*Plaintiff Pro Se*

/s/  Elizabeth Kite
Employee of the Henderson City Attorney's Office