**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

EMILE BOUARI,

Plaintiff,

v.

SIGAL CHATTAH, *et al.*,

Defendants.

Case No. 2:25-cv-1567-RFB-DJA

**DISMISSAL ORER**

Before the Court is Plaintiff Emile Bouari's First Amended Complaint (ECF No. 11) ("Complaint"),[1] Defendants' Motions to Dismiss (ECF Nos. 16, 18, 30, 34), Defendant Steven Wolfson's Motion to Stay Discovery (ECF No. 33), and Defendant Nicholas Vaskov's Motion to Strike (ECF No. 49). Since Plaintiff's Complaint does not satisfy Federal Rule of Civil Procedure 8(a), the Court dismisses it with prejudice as amendment would be futile. Consequently, the Court denies Defendants' motions as moot.

Under the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction[ and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). These pleading requirements are not mere formalities. Rather, Rule 8(a) enables federal courts to affirm their own jurisdiction over a case while also supplying fair notice to defendants. See Moe v. GEICO Indemnity Co., 73F.4th 757, 759 (9th Cir. 2023) (citation omitted) (Federal courts have "an independent obligation to ensure subject matter jurisdiction exists"); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citation and quotation

[1] The Court treats Plaintiff's First Amended Complaint as the operative complaint in this matter, as Plaintiff properly exercised his right to amend it as a matter of course. See FED. R. CIV. P. 15(a)(1)(B). In doing so, the Court disregards Plaintiff's subsequent amendment, see generally Second Amend. Compl. ECF No. 15, as Plaintiff did not seek—nor was he granted—leave to amend his pleading. See FED. R. CIV. P. 15(a)(2).

marks omitted) (Rule 8(a)(2) "requires [ ] a short and plain statement of the claim . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Consequently, district courts have the discretion to dismiss a complaint that fails to satisfy the requirements of Rule 8(a) on their own initiative. See Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969) ("[D]ismissal of an action [for failure to satisfy Rule 8(a)] rests within the sound discretion of the district court . . . ."); Simmons v. Abruzzo, 49 F.3d 83, 86 (2nd Cir. 1995) (citation omitted) ("When a complaint fails to comply with the[ ] requirements [of Rule 8(a)], the district court has the power, on motion or *sua sponte*, to dismiss the complaint . . . ."); Apothio, LLC v. Kern Cnty., 599 F.Supp.3d 983, 1000 (E.D. Cal. 2022) (collecting cases). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

Plaintiff's Complaint does not contain a clear, concise statement regarding the Court's jurisdiction or the nature of his claim(s). Instead, the Complaint sets forth a winding narrative that describes a sprawling government conspiracy, which has purportedly targeted Plaintiff due to one of his romantic relationships. See generally First Amend. Compl., ECF No. 11 (Nov. 17, 2025) [hereinafter, "Complaint"]. This is insufficient to satisfy federal pleading requirements. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and quotation marks omitted) ("Rule 8(a) has been . . . violated by . . . a complaint that [is] highly repetitious, or confused, or consist[s] of incomprehensible rambling."); Sharipoff v. Myers, 848 Fed.Appx. 791, 792 (9th Cir. 2021) (citation omitted) (same). Even when it is construed liberally, see Draper v. Rosario, 836 F.3d 1072, 1080 (9th Cir. 2016) ("[P]ro se pleadings must be construed

liberally . . . ”), the Complaint does not hint at a potential source of subject-matter jurisdiction. See generally Complaint. And Plaintiff fails to cite a single legal authority that could potentially entitle him to the relief he seeks. See generally id. Accordingly, the Court finds that the Complaint fails to satisfy the Federal Rule of Civil Procedure 8(a) and dismisses the case as amendment would be futile.

Further, the Court dismisses with prejudice and no leave to amend because it finds that amendment to the Complaint would be futile. The Court is unable to discern any plausible action based on conspiracy Plaintiff alleges.

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's First Amended Complaint (ECF No. 11) is **DISMISSED** with prejudice as amendment would be futile.

**IT IS FURTHER ORDERED** Plaintiff's Second Amended Complaint (ECF No. 15) is **STRICKEN** from the record. The Clerk of Court is kindly instructed to update the docket accordingly.

**IT IS FURTHER ORDERED** Defendants' Motions to Dismiss (ECF Nos. 16, 18, 30, 34) are **DENIED** as moot.

**IT IS FURTHER ORDERED** Defendant Steven Wolfson's Motion to Stay Discovery (ECF No. 33) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Defendant Nicholas Vaskov's Motion to Strike (ECF No. 49) is **DENIED** as moot.

**DATED:** September 18, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**